**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

GERARDO G.S.,

Petitioner,

v.

DAVID EASTERWOOD, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and MIKE STASKO, Warden, Freeborn Adult Detention Center,

Respondents.

Case No. 26-CV-3480 (NEB/SGE)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Gerardo G.S. petitions for a writ of habeas corpus seeking release from Immigration and Customs Enforcement ("ICE") custody. (ECF No. 1 ("Pet.")) A citizen of Mexico, Gerardo G.S. has lived in the United States since 2019 when he entered the country without inspection. (*Id.* ¶¶ 1–4.) Gerardo G.S. lives in Minnesota and has been gainfully employed since his arrival as a carpenter. (*Id.* ¶¶ 5–6.) He is engaged to a United States Citizen, and they plan on getting married in early 2027. (*Id.* ¶ 8.)

On July 9, 2026, Gerardo G.S. was a passenger in his coworker's car when ICE stopped them. (*Id.* ¶ 9) Even though Gerardo G.S. was not the owner of the car, ICE interrogated him about his immigration status. Gerardo G.S. disclosed that he did not have immigration paperwork and that he entered the country illegally. (Resp. at 2.)

ICE agents also determined that there was probable cause to believe Gerardo G.S. presented a flight risk. (*Id.*) They reached that conclusion because Gerardo G.S. "had access to a vehicle" even though he was only a passenger, evaded inspection when entering the United States, and failed to register his presence with federal authorities. (*Id.* at 2–3.) ICE arrested Gerardo G.S. without a warrant.[1] (*Id.* at 3.) Gerardo G.S. remains in ICE detention at Freeborn Adult Detention Center.

Gerardo G.S. asserts he is entitled to immediate release because Respondents violated federal law governing warrantless arrest of undocumented immigrants. (Pet. ¶¶ 40–46.) For the reasons stated below, the Court agrees and orders Gerardo G.S.'s immediate release.

**ANALYSIS**

"Like any federal agency, ICE 'literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute." *Luis A.S. v. Easterwood*, No. 26-CV-2447 (PJS/DTS) (D. Minn. May 26, 2026), ECF No. 9 at 2 (quoting *Fed. Election Comm'n v. Ted Cruz for Senate*, 142 S. Ct. 1638, 1649 (2022)). "As a general rule, it is not a crime for a removable alien to remain present in the United States," so ICE cannot arrest an immigrant "based on nothing more than possible removability." *Arizona v. United States*, 567 U.S. 387, 407 (2012).

The Immigration and Nationality Act provides two mechanisms by which "it is appropriate to arrest an alien during the removal process." *Id.* First, the government may do so "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). Second, if "no

[1] ICE issued a warrant for Petitioner *after* he was already in custody. (Resp. at 3; *see also* ECF No. 9-1 (Form I-200 Warrant for Arrest of Alien).)

federal warrant has been issued, [ICE] officers have more limited authority." *Arizona*, 567 U.S. at 408. ICE may conduct a warrantless arrest only when an officer has "reason to believe" that a noncitizen is (1) in violation of immigration laws; and (2) "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The Eighth Circuit has interpreted "reason to believe" in this context as "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Respondents admit that they issued the warrant *after* Gerardo G.S.'s arrest. (*See* Resp. at 2 ("ICE arrested Petitioner. . . . Later that same day, . . . an ICE SDDO issued an I-200 Warrant for Petitioner's arrest.").) "Without an administrative warrant in hand at the time of [Gerardo G.S.'s] arrest, the arrest must be judged by the warrantless-arrest framework of 8 U.S.C. § 1357(a)(2)." *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *1 (D. Minn. July 2, 2026).

The Court agrees with the Respondents that officers had reason to believe that Gerardo G.S. was in violation of immigration law at the time of his arrest. Gerardo made voluntary statements that "disclosed his immigration status." (Pet. ¶ 13.) But that admission alone is not sufficient for Respondents to effectuate a warrantless arrest. Respondents must also have "reason to believe" that Gerardo G.S. "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2).

Respondents argue they had "probable cause that Petitioner was a flight risk" because "at the time of the encounter, Petitioner had access to a vehicle" and that he was an illegal immigrant who had "evaded immigration authorities . . . and taken no steps to register his presence." (Resp. at 17.) This Court has explained before that the legal meaning of "likely to escape" is "likely to evade detention by immigration officers." *Hussen v. Noem*, 822 F. Supp. 3d 944, 988 (D. Minn. 2026) (quoting *Moreno v. Napolitano*,

213 F. Supp. 3d 999, 1006–07 (N.D. Ill. 2016)); *see also Campos v. United States*, 888 F.3d 724, 734–35 (5th Cir. 2018) (interpreting "likely to escape" as likely to "disappear before a warrant could be obtained").

That analysis centers "not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at 'another clearly identifiable location.'" *Jorge Anibal P.P. v. Blanche*, No. 26-CV-3125 (LMP/LIB), ECF No. 7 at 6 (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-CV-3417 (BAH), 2026 WL 1256234, at *10 (D.D.C. May 7, 2026)).

ICE agents "could have released [Gerardo G.S.], confirmed his immigration status, and then obtained a warrant before re-arresting him at his now-known home or work addresses." *Juan J.M.E. v. Easterwood*, No. 26-CV-2270 (KMM/EMB), 2026 WL 1746672, at *3 (D. Minn. June 8, 2026), *report and recommendation adopted*, 2026 WL 1747756 (D. Minn. June 17, 2026). Moreover, Courts have made the "self-evident finding that the likelihood of escape is lower when the individual has resided in the country for a lengthy period of time and has strong community ties." *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 31, (D.D.C. 2025) (collecting cases involving noncitizens with jobs, property, and families in the United States). Gerardo G.S. is engaged to his United States citizen fiancée. He has worked as a carpenter with no criminal history. (Pet. ¶¶ 5–8.) Officers on scene did not ask whether "Petitioner had a stable residence or significant ties to the community." (Resp. at 2.) The fact that officers "asked no questions bearing on flight risk, including about [Gerardo G.S.]'s famil[y], employment, or other community ties" undermines Respondents' claim that officers on scene had reason to believe Gerardo G.S. would evade detention before a warrant can be issued. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1231 (D. Colo. 2025).

Respondents therefore did not have probable cause to conclude that Gerardo G.S. was "likely to escape" when they executed a warrantless arrest. In similar situations when officers violate 8 U.S.C. § 1357(a)(2), this Court has ordered immediate release as a remedy. *Ahmed S. v. Blanche*, No. 26-CV-2265 (KMM/DLM), 2026 WL 1998718, at *7 (D. Minn. July 10, 2026) (collecting cases).

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Gerardo G.S.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED;

2. Respondents are ORDERED to release Petitioner from custody by 4:00 PM on August 24, 2026, and he must be released:

a. Inside the State of Minnesota

b. At a safe time and place communicated in advance to counsel: Nicholas Ratkowski; nico@ratkowskilaw.com; (651) 755-5150; and Stephen Arthur Pegnam; lagana.law@gmail.com; (978) 794-2441;

c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys; and

3. Respondents are ORDERED to file a status update with the Court acknowledging the release of Petitioner with his personal effects.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 21, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge